<strong>IN THE UNITED STATES DISTRICT COURT<br/>FOR THE DISTRICT OF NEW MEXICO</strong>

DAVID MARTIN (TRUST),

      Plaintiff,

v.                                              No. 18cv347 MV/GJF

SOCIAL SECURITY ADMINISTRATION,

      Defendant.

<strong><u>MEMORANDUM OPINION AND ORDER OF DISMISSAL</u></strong>

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Motion for Entry of Default/Default Judgment, Doc. 3, filed April 11, 2018.

Plaintiff filed several documents on April 11, 2018. The first item, labeled "Complaint" in the docket, is not a complaint but instead is three separate documents. The first is a "Notice of Diversity of Citizenship" which states "David Martin (Trust) is a United States Citizen and whereby the Trustee's locus/situs is outside the State of New Mexico, and the UNITED STATES thereby foreign." Doc. 1 at 1. The second is a "Notice of Foreign Law (Comity)" which states that "foundational law is controlling in all matters as agreed by all parties regarding the Trust [and] Foundational Law is the King James Bible, see Public Law 97-280[1], supported by the Declaration of Independence, Constitution of the United States of America, natural law, ecclesiastical law, Magna Charta [sic], duly noted in Notice and Demands dated November 25, 210, and December 26, 2017." Doc. 1 at 3. The third document is titled "Service of Process" which states "Due Process was fulfilled on November 27, 2017, January 2, 2017 when the

---

[1] Public Law 97-280 is a Joint Resolution authorizing and requesting the President to proclaim 1983 as the "Year of the Bible."

SOCIAL SECURITY ADMINISTRATION was noticed and an opportunity to respond was given." Doc. 1 at 4.

Plaintiff also filed a "Notice of Waiver of Fees and Costs" on April 11, 2018, which states "There are no filing fees, because there are no proceedings" and "no fees or costs can be paid, because the UNITED STATES GOVERNMENT does not have a money based system that is backed by gold and or silver." Doc. 2 at 1-2.

Plaintiff also filed a "Motion for Entry of Default/Default Judgment" on April 11, 2018. Doc. 3. The affidavit attached to the Motion indicates that Plaintiff "noticed" the Social Security Administration twice "outlining the injuries done and requesting remedy," "with a final agreement that [the Social Security Administration] will pay $2,000,000 sum certain immediately to [Plaintiff]," and if the Social Security Administration did not pay immediately "then it was to be treated as a theft and incur a treble damage." Doc. 3 at 2. Plaintiff seeks a default judgment pursuant to Fed. R. Civ. P. 55 in the amount of $6,000,000 and states "[t]here are no facts in dispute and no judicial issues." Doc. 3 at 2.

The Court will deny Plaintiff's Motion for Entry of Default/Default Judgment. Entry of default and default judgment is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Plaintiff has not filed a complaint in this case seeking a judgment for affirmative relief.[2] Nor is there any indication that the Social Security Administration has been served with any of the documents filed in this case. Furthermore, Rule 55(d) states that "[a] default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a

---

[2] Document 1 filed in this case was designated as a "Complaint" by Clerk's Office staff. As discussed above, the three documents filed as Document 1 do not constitute a complaint even with liberal construction.

claim or right to relief by evidence that satisfies the court." None of the documents filed by Plaintiff contain any facts regarding Plaintiff's claims against the Social Security Administration or Plaintiff's right to relief.

The Court will dismiss this case without prejudice. *See McKinney v. State of Okla. Dep't of Human Servs.*, 925 F.2d 363, 365 n.1 (10th Cir. 1991) ("a sua sponte dismissal under Rule 12(b)(6) is not reversible error when: (1) it is "patently obvious that the plaintiff could not prevail on the facts alleged;" and (2) "allowing [the plaintiff] an opportunity to amend his complaint would be futile"). It is patently obvious that Plaintiff cannot prevail on the facts alleged because the only alleged facts are that Plaintiff gave the Social Security Administration notice of his injuries, and demanded, but did not receive, the requested relief. It would be futile to allow Plaintiff to amend because the Federal Rules of Civil Procedure do not allow this Court to enter a default judgment for a defendant's failure to respond to an administrative claim and where the defendant has not been served with a summons and copy of the complaint or otherwise notified of the action against the defendant.

**IT IS ORDERED** that:

(i)     Plaintiff's Motion for Entry of Default/Default Judgment, Doc. 3, filed April 11, 2018, is **DENIED as moot;** and

(ii)    This case is **DISMISSED without prejudice.**

_____
**MARTHA VÁZQUEZ**
**UNITED STATES DISTRICT JUDGE**

3