# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

DAVID MARTIN (TRUST),

     Plaintiff,

v.                                                                             No. 18cv347 MV/GJF

SOCIAL SECURITY ADMINISTRATION,

     Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Motion in the Nature of F.R.C.P. 55(b)(1) Default Judgment, Doc. 9, filed May 7, 2018 ("Motion for Default Judgment"), and on his Demand by the Creditor "by what authority the Court has to change the nature of the parties presented to the Court," Doc. 10, filed May 7, 2018 ("Demand for Authority").

On April 11, 2018, Plaintiff filed a Motion for Entry of Default/Default Judgment. *See* Doc. 3. The Court denied Plaintiff's Motion for Entry of Default/Default Judgment after noting that : (i) entry of default and default judgment is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend," and that Plaintiff had not filed a complaint in this case seeking a judgment for affirmative relief; and (ii) Rule 55(d) states that "[a] default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court," and that none of the documents filed by Plaintiff contain any facts regarding Plaintiff's claims against the Social Security Administration or Plaintiff's right to relief. *See* Doc. 6, filed April 24, 2018. The Court then dismissed the case without prejudice.

Plaintiff then filed his second Motion for Default Judgment which is now before the Court. Plaintiff's Motion for Default Judgment states in its entirety:

> This is a motion in the nature of F.R.C.P. 55(b)(1), a default judgment to be entered into the public record of the above "Court." The above Court shall not delay in the recording of the default judgment after receipt of proof of the sum certain calculations as part of the original agreement between the parties above.

Doc. 9 (Plaintiff attached a "Notice to Clerk of Court and Summary of Filings to Date by the Trust (Creditor)" and other documents Plaintiff apparently sent to the Social Security Administration demanding disability benefits allegedly owed to Plaintiff). Plaintiff does not set forth any argument or legal authority to support his second Motion for Default Judgment, or that would warrant reconsideration of the Court's Order denying his first Motion for Default Judgment. The Court will, therefore, deny Plaintiff's second Motion for Default Judgment.

Plaintiff also filed a Demand for Authority. *See* Doc. 10. Plaintiff asserts that the Court's Order denying his first Motion for Default Judgment and dismissing "can only be construed as legal lunacy and thereby void" because the Court referred to him as "Plaintiff" instead of "Creditor" and to the Social Security Administration as "Defendant" instead of "Debtor." Plaintiff then states:

> If the Court disagrees with this analysis, the Court above will show in the foundational law which is controlling using citations whereby the Court has the authority to change the nature of the parties and or documents presented by the Creditor and that the intention by the Court was in no way meant to delay the default process. The Court has three days to respond in law and or show proof to this Creditor the dismissal was reversed.

Doc. 10.

The Court will deny Plaintiff's Demand for Authority. Plaintiff demands that the Court justify its prior rulings by citing authority based on "foundational law" which Plaintiff defines as

"the King James Bible, see Public Law 97-280[1], supported by the Declaration of Independence, Constitution of the United States of America, natural law, ecclesiastical law, [and] Magna Charta." *See* Doc. 1 at 3, filed April 11, 2018. The Court's proceedings, decisions and orders are governed by the Federal Rules of Civil Procedure, United States statutes, and case law from the United States Supreme Court and the Court of Appeals for the Tenth Circuit.

**IT IS ORDERED** that:

(i) Plaintiff's Motion in the Nature of F.R.C.P. 55(b)(1) Default Judgment, Doc. 9, filed May 7, 2018, is **DENIED;** and

(ii) Plaintiff's Demand by the Creditor "by what authority the Court has to change the nature of the parties presented to the Court," Doc. 10, filed May 7, 2018 is **DENIED.**

_____
**MARTHA VAZQUEZ**
**UNITED STATES DISTRICT JUDGE**

---

[1] Public Law 97-280 is a Joint Resolution authorizing and requesting the President to proclaim 1983 as the "Year of the Bible."